293 So.2d 105 (1974)
William ENGLISH, Appellant,
v.
STATE of Florida, Appellee.
No. T-155.
District Court of Appeal of Florida, First District.
April 18, 1974.
Richard W. Ervin, III, Public Defender; and Robert C. Parker, Jr., Special Asst. Public Defender, for appellant.
*106 Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Judge.
The Appellant, Defendant below, challenges the sufficiency of the evidence in the trial below to sustain the jury verdict of finding him guilty of resisting arrest without violence.
On the evening of July 27, 1973, two men and a young man known to Defendant to be a minor, entered the Malibar Lounge, of which Defendant was manager. Defendant told the young man that he would have to leave, whereupon the two adults jumped the Defendant from behind. A barmaid's husband and a waitress' husband grabbed the two men and all three were escorted outside. Meanwhile the barmaid had called the police. When Defendant came back into the lounge he had the barmaid phone to cancel the call. At some time between 1:30 a.m. and 2:00 a.m. Officers Jones and Burger of the Sheriff's Department arrived in response to the call. Defendant was then in his office paying off the band. There is no evidence that any disturbance was then in progress nor imminent. The officers entered the lounge and proceeded to interview "two complainants." The officers had met the minor who had been escorted out of the lounge, and had taken him with them back inside.
When notified of the officers' presence Defendant came out into the lounge area. According to the officers, Defendant came into the room and stood between them and the two "complainants" they were interrogating. Upon noticing the minor the Defendant requested that the police take him outside and continue their investigation there. Both Jones and Burger testified that warnings were made that Defendant was interfering with the investigation, but they gave no reason for having taken the minor into the lounge.
When Defendant insisted that the officers conduct their investigation outside, Defendant was asked to proceed outside with them. The officers said the Defendant came out peacefully. Defendant claims the three of them went from the lounge area into the package store where he refused to go any further.
According to the officers they told Defendant on the way to the door that he was under arrest for interfering with a police officer in the performance of his duties. Defendant testified that he was not purposely trying to impede the investigation and that he had not touched the officers prior to the arrest. Officer Jones said the Defendant had not touched him, nor had Defendant threatened to keep Jones and Burger from arresting anyone. Burger also stated that Defendant had not used any physical force inside the lounge.
Defendant was then taken out to the patrol car and frisked. When Jones and Burger attempted to handcuff Defendant and place him in the back of the car a scuffle ensued. Defendant claims that while one officer was frisking him, the other slapped a handcuff on one of his wrists. The officers testified that Defendant started to resist before they put the handcuffs on him.
Defendant was subdued and placed in the rear of the police car. When they all arrived at the police station another scuffle ensued and two additional officers helped get Defendant into the station.
The officers were on Defendant's premises without a warrant of any kind. There was no evidence of any probable cause to believe that a felony had been committed or was being committed, nor did any violation of any law or ordinance occur in the presence of the officers. The minor was in the lounge at the behest of the officers, not the Defendant. It is clear from the evidence that at the time of the arrest Defendant had done nothing more than stand in front of the officers in the Defendant's own place of business and ask the officers to conduct their investigation *107 outside and to take the minor out with them. That behavior was not sufficient to sustain a charge of resisting or obstructing an officer in the lawful execution of his legal duty under either F.S. § 843.01 or F.S. § 843.02, F.S.A.: Therefore the arrest was invalid.
The arrest having been invalid there was no arrest to have been resisted by Defendant. There having been no arrest the Defendant could not have been guilty of resisting arrest. (See In the Interest of E.A.S., a juvenile, v. State, Fla.App. 1st 1974, 291 So.2d 61. The scuffle which ensued was after the invalid arrest and therefore could not have been the basis of a charge of resisting an arrest which, though invalid, had already taken place.
We agree that the evidence was insufficient to sustain the conviction and therefore reverse.
SPECTOR, Acting C.J. and JOHNSON, J., concur.