522 So.2d 491 (1988)
Nathaniel BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. BR-469.
District Court of Appeal of Florida, First District.
March 17, 1988.
Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a conviction for attempted second-degree murder and possession of a firearm during the commission of a felony. The State cross-appeals the trial court's downward departure from the recommended guidelines sentence.
The facts are that on July 6, 1986, appellant and the victim, Rafe Johnson, got into a fight that left the victim with two gunshot wounds in the face and a broken jaw. The State charged appellant with attempted first-degree murder, possession of a firearm during the commission of a felony, and aggravated battery.
After the State presented the fourth of its eight witnesses, the special public defender informed the court that he intended to call three witnesses and the defendant that afternoon. The State objected to the testimony of defense witness Eddie Williams because his name was not on the witness list.
Appellant's counsel stated that the omission of Mr. Williams' name and address from the witness list was inadvertent, that he had orally informed the State prior to trial that he intended to include Mr. Williams as a defense witness, and that he, defense counsel, had mentioned Mr. *492 Williams' name in opening arguments. Defense counsel recommended that the court give the State an opportunity to interview Mr. Williams before he testified. The court took the matter under advisement, with directions for the State to interview the prospective witness during the next recess.
After the State interviewed Mr. Williams, the court again considered whether to exclude his testimony. The state attorney stated that the interview with Mr. Williams was insufficient to eliminate prejudice to the State and that the State needed more time to check Mr. Williams' background. The court then inquired as follows:
THE COURT: I trust, Mr. Carlin, that in your evaluation of what he is going to say, it's that it's so damaging to the State that it must be kept from the fact finder?
MR. CARLIN: No, sir.

THE COURT: Well, you know, what do you want to do?
MR. CARLIN: Your Honor, I raised my objection.
I think the Court  I would, of course, go on with the Court's ruling at this point. (emphasis added).
Thereafter, the trial court excluded the testimony, finding that the late disclosure "surprised" and "prejudiced" the State.
A proffer of Mr. Williams' testimony revealed that he was a neighbor who lived three doors away from appellant and would have testified that he saw the victim go to appellant's apartment on two occasions on July 6, 1986. On each occasion, the victim asked Mr. Williams whether appellant was at home. This testimony was contrary to the victim's testimony that the victim had gone to appellant's apartment only once that day. The excluded testimony supported appellant's defense that the victim was the aggressor who had gone looking for appellant on more than one occasion on the day of the shooting.
The jury found appellant guilty of attempted second-degree murder with the use of a firearm, pursuant to Section 782.04, Florida Statutes, and possession of a firearm during the commission of a felony, pursuant to Section 790.07, Florida Statutes.
The trial judge sentenced appellant to ten years for attempted second-degree murder and five years for possession of a firearm in the commission of a felony, the sentences to run concurrently. This was a downward departure from the guidelines, and the trial court indicated that he would provide written reasons in a subsequent order. The record, however, does not contain any written reasons for the departure.
The question before us on appeal is whether the ultimate sanction for the discovery violation, exclusion of a defense witness, was appropriate in this case. With all due deference to the trial court's broad discretion in this matter, we find it was error to exclude the testimony of Williams.
The trial court basically complied with Richardson v. State, 246 So.2d 771 (Fla. 1971), and made inquiry into the circumstances surrounding the failure to disclose the name of a witness in order to determine whether the discovery violation was willful or inadvertent, trivial or substantial, and whether or to what extent it affected the ability of the aggrieved party to prepare for trial. The record of the inquiry shows that the State objected to Mr. Williams' testimony because the untimely disclosure of that witness left the prosecution with no time to gather information with which to impeach Williams' credibility. That ground for exclusion, standing alone, however, is insufficient, as inability to obtain "impeachment" evidence is invariably a factor with an undisclosed witness and would require exclusion in every case, regardless of the comparative detriment to the parties and the justice of the case. Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985); Baker v. State, 438 So.2d 905 (Fla. 2d DCA 1983). In Wilkerson at page 1376, the court held:
Relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice... .
... The assistant state attorney's argument that a recess to enable him to *493 depose the witnesses would not solve the prejudice since he would still be deprived of the possibility of obtaining impeachment evidence concerning David and Cindy is unavailing since this is always the case when one whose name was not on the witness list is permitted to testify.
The State does not contend that pretrial knowledge of the excluded testimony would have changed the prosecution's case against appellant. On the contrary, the State was aware that the defense intended to attack the credibility of the victim and to rely on the defense of self-defense. The allowance of Mr. Williams' testimony would not have altered the nature of appellant's defense that the victim was the aggressor. Further, the trial court did not address the question of whether further minimal investigation would avoid any prejudice due to the late disclosure. Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984).
As we have noted, the State, although objecting on the ground of prejudice, stated to the court that the information to be supplied by the witness was not so damaging that it should be kept from the jury. The evidence was important for the defense, however, since it tended to show that the victim was the aggressor and that his testimony was not credible. The exclusion of the evidence cannot be considered harmless since it may have created a reasonable doubt in the minds of the jurors. Accordingly, we must reverse and remand for a new trial.
The issue raised on cross-appeal also has merit. If, on retrial, the jury finds appellant guilty and the trial judge again departs from the sentencing guidelines, written reasons must be given for departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985).
REVERSED and REMANDED for a new trial.
WIGGINTON and ZEHMER, JJ., concur.