534 So.2d 1226 (1988)
Lawrence M. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1921.
District Court of Appeal of Florida, First District.
December 13, 1988.
*1227 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Lawrence Lee, appeals both a judgment of guilt and sentence imposed on counts of possession of a firearm by a convicted felon and carrying a concealed firearm. We find three of the points raised by appellant to warrant reversal.
First, we find that the trial court erred in excluding defense witness Rommell Collins Smith from testifying at appellant's trial. According to the record on appeal, the jury was selected on June 27, 1988. On the same date, appellant filed an amended witness list, listing Smith's name for the first time. The trial court denied the State's motion to strike Smith as a witness, ordered appellant to produce Smith for deposition the following day (June 28), and arranged for the State to obtain an expedited transcript of the deposition for use at trial. Due to circumstances apparently beyond the control of the appellant and his attorneys, Smith could not be located on the 28th, and was not produced for deposition until June 29, the day trial was scheduled to begin. Just prior to the beginning of trial, the court heard and denied appellant's motion to continue the trial so as to allow the State to depose Smith, and granted the State's motion to exclude Smith as a witness.
Although it is within a trial court's discretion to order exclusion of a witness as a sanction for violation of a discovery order, the courts have consistently found exclusion to be an extreme remedy which should be invoked only under the most compelling circumstances, and only after the trial court has conducted an adequate inquiry to determine whether any other reasonable alternatives might be used to overcome or mitigate possible prejudice. Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985); Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984). According to Richardson v. State, 246 So.2d 771 (Fla. 1971), a trial court's inquiry into the circumstances surrounding the violation of a discovery rule should, at least, cover such questions as whether the violation was inadvertent or willful, whether the violation was trivial or substantial, and whether the violation caused any prejudice or harm to the other party.
Although the trial court did conduct an inquiry, we find that it was not adequate under the circumstances of this case to warrant Smith's exclusion as a trial witness. First, the record does not indicate that defense counsel's production of Smith on June 29 instead of June 28 was willful, or even negligent. To the contrary, defense counsel stated on the record that his office had made every effort to locate Smith, even to the extent of having several of the attorneys involved in the case search for her around the city. Second, the court did not adequately examine the possibility of using other, less extreme, remedies, such as recessing or continuing the trial to allow the State to depose Smith, despite defense counsel's waiver of his demand for *1228 speedy trial and willingness to continue. The trial court gave no indication as to why the trial could not be continued, other than the statement that the jury was "sitting in the back ready to start the trial." Third, the only allegation of possible prejudice by the State was its statement that it would not be able to obtain a deposition transcript in time to impeach Smith at trial if Smith were deposed on the 29th. The court made no comment or finding on that point. Under the circumstances, however, there appears to be no reason why the court could not have, once again, ordered an expedited transcript of Smith's deposition. Last, although the State argues on appeal that the exclusion of Smith's testimony is, at most, harmless error, this court is unable to make a determination regarding that issue, since the trial court did not allow the appellant to proffer Smith's testimony. Under the circumstances, we find that the trial court erred in excluding Smith as a witness, and reverse and remand for a new trial.
Ordinarily, the court would not need to address appellant's remaining points on appeal. So as to prevent any errors from being committed again on remand, however, we find it necessary to discuss two other points raised by the appellant.
The first such point concerns the trial court's failure to sever the count of possession of a firearm by a convicted felon from the count of carrying a concealed firearm. In denying appellant's motion to sever the counts, the trial court relied on the intermingling of the facts necessary to prove both counts and on the judicial economy of holding one trial instead of two. The supreme court has disapproved consolidation based on practicality, efficiency, and convenience, and has held that prejudice to the defendant caused by failure to sever a charge of possession of firearm by a convicted felon outweighs judicial economy. See State v. Vazquez, 419 So.2d 1088 (Fla. 1982). Were the court not reversing the judgment on both counts on the basis of Issue I, above, we would find it necessary to reverse the judgment on the concealed firearm count on the basis of the court's failure to sever.
In addition, we find that the trial court erred in making a one cell upward departure from the presumptive guideline sentence without giving written reasons for departure. The recent amendment to Rule 3.701(d)(8), Fla.R.Crim.P., allowing the trial court to make either an upward or downward one cell departure without providing written reasons and without being subject to appellate review, was put into effect after the date of the crime involved in the instant case. Under the United States Supreme Court's holding in Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), application of the amended rule to the appellant in the instant case would constitute an ex post facto violation.
Accordingly, we reverse and remand for a new trial on both counts, in accordance with this opinion.
MILLS and WENTWORTH, JJ., concur.