568 So.2d 472 (1990)
Raymond Ivery HATCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2469.
District Court of Appeal of Florida, First District.
October 4, 1990.
*473 Barbara Linthicum, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Raymond Ivery Hatcher appeals his conviction, following a jury trial, for one count of leaving the scene of an accident involving bodily injury. He argues, inter alia, that the trial court erred in allowing the state to call two undisclosed witnesses in rebuttal. We agree, and reverse for a new trial.
The charge of leaving the scene of an accident arose out of Hatcher's loss of his left rear tire on Lem Turner Road in Duval County. The tire struck a vehicle in the oncoming lane injuring one of its occupants. The theory of the state's case in chief was that due to the manner in which the accident in question was caused, Hatcher could not have been unaware of what had happened. Hatcher was the sole defense witness, and he took the stand to testify that he initially thought that his tire had suffered a blow out and that it was not until he stopped the car over one mile later that he realized that he had in fact lost the tire itself. At this point an unidentified man in a pick up truck stopped and said something to him, but Hatcher stated he could not understand him. He denied any knowledge that any accident or injury had been caused until he spoke with the police two days later. He asserted that had he known that he had lost a tire or that an accident had occurred, he would have stopped. On cross examination Hatcher denied that the man in the pick up truck told him that he had just caused an accident.
At the conclusion of Hatcher's testimony, shortly before the defense rested, the following occurred at side bar:
STATE: Judge, I want to ask him if he was on any kind of medication, or was his judgment affected in any way.
THE COURT: Mr. Ferguson.
STATE: Yes, sir.
THE COURT: Let me ask you this, what do you think he's going to say?
STATE: He's going to say no.
THE COURT: Do you have anything to show that he was?
STATE: Maybe in rebuttal.
THE COURT: Do you have somebody to say that he was under the influence at the time?
STATE: No, sir, not at this point.
THE COURT: Well, you're not going any where, and you know what the answer is. Let's go.
The defense rested, and at another side bar the state advised the court that it had just been supplied the name of a witness which had just been disclosed by the reporting *474 officer. The prosecutor said he did not know who the witness was, but that he had a name, address and telephone number, and had not yet been able to get in touch with the witness. The court advised that it was about to recess for the night anyway, and directed the state to produce the witness in the morning so that the defense could have the opportunity to interview him. Defendant objected that the witness had not been disclosed as required by Florida Rule of Criminal Procedure 3.220 and moved for a mistrial, but was overruled.
The next morning the defense repeated its objection and asked for and was afforded a Richardson hearing.[1] The witnesses in question were the man in the pick up truck and his companion. It was established that the defense had had the opportunity to interview the two undisclosed witnesses that morning, and the trial court found that the state's failure to disclose the witnesses any earlier was not willful. The witnesses were allowed to testify that they stopped Hatcher shortly after he lost his tire and expressly informed him that he had caused an accident. The court did not permit the witnesses to testify that Hatcher appeared intoxicated at the time. Hatcher was permitted to take the stand again in "surrebuttal" and testified that the rebuttal witnesses were indeed the ones who spoke to him at the time in question, but he denied that they informed him of the occurrence of an accident. The jury found Hatcher guilty as charged.
The record establishes that the state had at least incomplete knowledge of the existence of the rebuttal witnesses the day before trial. It is apparent from the record that the state's knowledge of the witnesses' testimony was sufficient for the prosecutor to use it in cross examining Hatcher, prior to it's disclosure of the witnesses. The court's conclusion that the failure to disclose the witnesses was not willful is questionable; however, the court's finding that no prejudice occurred is clearly in error.
The disclosure rule includes rebuttal witnesses. Lucas v. State, 376 So.2d 1149 (Fla. 1979). Richardson v. State and its progeny require that when the state seeks to call an undisclosed witness the trial court must make a full inquiry into all the circumstances surrounding the state's failure to comply with the discovery rule and determine if defendant was procedurally prejudiced as a result. An adequate inquiry addresses whether the state's failure was willful, negligent or inadvertent, and whether the rule violation was trivial or substantial, and whether defendant was prejudiced in his trial preparation. Smith v. State, 499 So.2d 912 (Fla. 1st DCA 1986); Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985). The purpose of the inquiry is to determine if procedural, rather than substantive, prejudice occurred. Lee v. State, 538 So.2d 63 (Fla. 2d DCA 1989). The court's determination is within its discretion, and will not be disturbed absent an abuse of that discretion. Smith v. State.
Until rebuttal, the focus of the instant case was whether Hatcher was aware of having caused an accident by virtue of how it occurred. The entire defense was that Hatcher was not aware he had lost a tire until he stopped, and was not aware until two days later that someone had been hurt. Upon introduction of the rebuttal testimony, however, the state's theory ceased to be that Hatcher must have realized what had occurred, and became instead that he had been specifically and expressly informed of having caused an accident. Based upon the undisclosed rebuttal witnesses, the state changed its theory of its case after defendant had taken the stand. Prejudice to the defendant is unavoidable under these circumstances.
Defense counsel objected promptly, strenuously, and repeatedly, and expressly asserted prejudice due to the late disclosure of these witnesses. There is nothing in the record to indicate any awareness of the existence of these witnesses by the defense any time prior to the state's tardy disclosure. Although the court made every effort to prevent defendant from being unduly prejudiced by the late disclosure, the *475 procedural prejudice in the state's alteration of the theory of its case after the defendant has testified and the defense has rested is inherent. The only way the prejudice could have been avoided would have been to exclude the witnesses.
Accordingly, Hatcher's conviction is REVERSED and the case is remanded for a new trial.
REVERSED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).