610 So.2d 657 (1992)
Russell Howard LOWERY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2962.
District Court of Appeal of Florida, First District.
December 16, 1992.
Rehearing Denied January 22, 1993.
*658 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Public Defender, Tallahassee, for appellee.
ERVIN, Judge.
The sole issue raised by appellant, Russell Howard Lowery, is whether the trial court erred in allowing the state to introduce as rebuttal evidence a check which the state had failed to disclose during discovery. We conclude that the check's admission was error, and we therefore reverse the conviction and remand the case for new trial.
At appellant's trial for theft of an automobile, the state submitted evidence showing that Steven Friddell owned the truck allegedly stolen, and that he had arranged to have it towed to a shop for repairs. When Friddell attempted to obtain the truck from the shop some two or three weeks later, he discovered that the truck was at appellant's house. Although title to the truck was registered in appellant's name, both Friddell and his girlfriend, Debbie Tinker, denied giving the title to him.
The defense presented evidence through various witnesses disclosing that Friddell had offered the title to appellant as security for a drug debt, and that Tinker had given the title to him. Appellant explained that he occasionally delivered marijuana to Friddell and Tinker to sell, but as they often failed to pay him the full amount owed therefor, he began running a debt for them. He eventually cut off their supply due to nonpayment, and Tinker offered him the title to the truck as collateral for the debt. It was his understanding that the truck was his if they defaulted, and when they did not pay, he obtained the truck and transferred the title to his name.
During appellant's cross-examination, the state sought to have a $300 check signed by appellant marked as State's Exhibit No. 1 for identification. Defense counsel objected and requested a Richardson[1] hearing on the grounds that this was the first time he had seen the check and that it was not listed on the state's discovery response. During the hearing conducted outside the jury's presence, the state explained that it had received the check from Tinker two days before the trial, but that it had not intended to use the check as evidence against appellant, and that its failure to disclose it was not intentional. The defense then conducted voir dire of Ms. Tinker, *659 who said that appellant, sometime during the end of October, wrote her the check for money that he owed both her and Friddell, but asked her not to cash the check until he notified them, because he did not then have sufficient funds to cover the check.
As the alleged theft occurred within three weeks of the date appellant reportedly had given the $300 check to Tinker, the defense argued that the discovery violation prejudiced its ability to proceed. In response, the prosecutor announced her withdrawal of any testimony concerning the check at that time, reserving, however, her right to use it during her case in rebuttal, "in which case I'm not required to provide it prior to." Defense counsel replied that the discovery rules apply to rebuttal. Nevertheless, the court ruled as follows:
All right. Well, for purposes of use at this point in time I'm going to find that there was, in fact, a discovery violation, that it was inadvertent, that the violation was substantial, and it does, in fact, affect the defendant's ability to proceed. Now, that's not to comment on whether or not you can use this in your rebuttal case. That simply is intended to address the Richardson hearing and what's been provided as far as discovery at this point in time.
The state subsequently called Debbie Tinker in rebuttal and was allowed to admit the check into evidence. Later, during closing statements, the prosecutor argued that the check was evidence showing that there had been no drug dealing and that Friddell and Tinker did not owe appellant any money. The jury found appellant guilty; hence, this appeal.
Florida Rule of Criminal Procedure 3.220(b)(1)(vi) and (xi) requires the prosecutor to disclose any tangible papers or objects which the prosecutor intends to use at trial. The prosecutor's duty to disclose is continuing. Fla.R.Crim.P. 3.220(j). This disclosure rule applies to all witnesses and evidence, including that sought to be introduced during rebuttal. Smith v. State, 500 So.2d 125, 126-27 (Fla. 1986); Hicks v. State, 400 So.2d 955 (Fla. 1981); Hatcher v. State, 568 So.2d 472, 474 (Fla. 1st DCA 1990), review denied, 577 So.2d 1328 (Fla. 1991).
If, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with rule 3.220, the court must conduct a hearing to determine whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and, most importantly, what effect, if any, the violation had upon the ability of the defendant to prepare adequately for trial. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971). Only after the court has made a sufficient inquiry into all of the surrounding circumstances may it exercise its discretion to determine whether the state's noncompliance with the disclosure rule resulted in harm or prejudice to the defendant, thereby requiring the imposition of some sanction, such as exclusion of the evidence. Id. at 775. The court's determination as to same will not be overturned absent a showing of abuse of discretion. Hatcher, 568 So.2d at 474.
The state apparently has abandoned the position which it urged during trial  that the check was admissible as rebuttal evidence  and now argues that appellant failed to preserve the asserted violation because, once the state sought to introduce the evidence during rebuttal, the defense made no objection in regard to the discovery rule violation and therefore waived the error for purpose of appeal. In support of its position, the state relies on Lucas v. State, 376 So.2d 1149 (Fla. 1979), and Taylor v. State, 589 So.2d 918 (Fla. 4th DCA 1991), both of which found waiver where the defense failed to object at the time an undisclosed witness was called to testify.
We find these cases distinguishable in that the defense counsel in the instant case clearly brought the discovery violation to the court's attention immediately upon notice of same and requested a Richardson hearing. Consequently, the trial judge was then required to conduct the hearing, rule on whether a violation occurred, and determine whether the evidence was admissible. *660 See In the Interest of F.R., 539 So.2d 588, 589-90 (Fla. 1st DCA 1989) (rejecting state's contention that appellant waived right to Richardson hearing by failing to make further objections, noting that "[t]he Richardson court contemplated that an inquiry would be required when `it is brought to the attention of the trial court' that a discovery request has not been met" (quoting Richardson, 246 So.2d at 775)).
The trial judge here did conduct a Richardson hearing when the discovery violation was brought to his attention and concluded that a violation had occurred that substantially prejudiced the defense. The effect of the court's ruling was that the check was then inadmissible. Because there is no exception to the disclosure rule for impeachment or rebuttal evidence, we conclude that the trial court abused its discretion by later ruling the check admissible as rebuttal evidence, notwithstanding the lack of a specific objection during rebuttal. As the state failed to satisfy its burden of showing that the error was harmless, in that it made no such argument on appeal, see Ciccarelli v. State, 531 So.2d 129 (Fla. 1988); Lee v. State, 508 So.2d 1300 (Fla. 1st DCA 1987), approved, 531 So.2d 133 (Fla. 1988), we reverse appellant's conviction and remand the case for new trial.
REVERSED and REMANDED for new trial.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).