PER CURIAM.
Defendant was convicted of three counts of battery on a law enforcement officer, resisting officers with violence, and retail theft of a pair of sunglasses. We reverse for a new trial because of the harm caused by the three following errors.
First, over defense objection the trial court instructed the jury on flight. This was error under Fenelon v. State, 594 So.2d 292 (Fla.1992), where our supreme court disapproved of this practice. Defendant is entitled to the benefit of Fenelon because his appeal was pending when it was decided. See Smith v. State, 598 So.2d 1063 (Fla.1992) (any decision of supreme court announcing a new rule of law must be given retrospective application in every case pending on direct review or not yet final). We cannot say that the error was harmless here, as the crux of the defense was defendant’s explanation for his departure from the drugstore and subsequent evasions from pursuing officers.
Second, we find error in the exclusion of a defense witness, offered to rebut the testimony of one of the state’s three officers. Although this witness was first disclosed during trial, the state failed to demonstrate any possible prejudice other than a hampered ability to impeach. This ground alone is not sufficient because it would necessitate “exclusion in every case regardless of the comparative detriment to the parties and the justice of the case.” Baker v. State, 522 So.2d 491, 492 (Fla. 1st DCA 1988). Exclusion of this witness was far too severe a remedy for these circumstances, where the failure to list the witness during pretrial disclosure was inadvertent; the prejudice to the state could have been eliminated through a continuance; and the omitted evidence was directly relevant to the theory of the defense.
Finally, it was error to allow the store manager to testify that as he left the store when the alarm sounded he was approached by the defendant’s sister and boyfriend who declared: “He took a pair of sunglasses.” Had the court admitted the entire statement, the testimony would have revealed the following omitted part: He has a pair of sunglasses that he didn’t pay for. Could we just pay for them and forget about it?” This context reveals that the speaker engaged in reflective thought, thereby vitiating the spontaneity and reliability of the statement and destroying its admissibility under the spontaneous statement exception to the hearsay rule.
REVERSED FOR A NEW TRIAL.
GLICKSTEIN and FARMER, JJ„ and DOWNEY, JAMES C., Senior Judge, concur.