BENTON, J.,
concurring.
Construing section 843.025, Florida Statutes (1997), as requiring a specific intent to deprive a law enforcement officer of a radio or other means of communication, I concur in the judgment of the court. See generally Thompson v. State, 695 So.2d 691, 692 (Fla.1997); Bartlett v. State, 765 So.2d 799, 801 (Fla. 1st DCA 2000); V.M. v. State, 729 So.2d 428, 429 (Fla. 1st DCA 1999); Miller v. State, 636 So.2d 144, 150 (Fla. 1st DCA 1994); Mordica v. State, 618 So.2d 301, 303-04 (Fla. 1st DCA 1993); see also Chicone v. State, 684 So.2d 736, 743-44 (Fla.1996); 1 Wayne R. LeFave & Austin W. Scott, Jr., Substantive Criminal Law § 3.5(e) (1986) (as quoted in Frey v. State, 708 So.2d 918 (Fla.1998)). Although the deputy sheriffs radio fell to the floor, there was no showing that Mr. Strattan ever sought or took possession of the radio, and the deputy sheriff made use of the radio as soon as the physical altercation ended. After hearing the evidence concerning the confrontation between Mr. Strattan and the deputy sheriff who sought to arrest him, the learned trial judge observed that he “didn’t see anything that indicated that the defendant had any intention of depriving him of the [radio] equipment.”