832 So.2d 224 (2002)
Walter GRACE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4586.
District Court of Appeal of Florida, Second District.
December 4, 2002.
*225 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Walter Grace seeks review of his judgment and sentence for felony battery. Grace asserts that the trial court erred in excluding the testimony of defense witness Rex Taylor. We agree and reverse.
The State charged Grace with committing aggravated battery by causing great bodily harm against Frank Albert on February 24, 2001. The battery occurred at the Eagle Lodge in Ruskin where Grace and Albert had been drinking. Grace testified that the pair had an argument and that Albert approached him with a beer bottle in his hand and threatened to harm him. The situation diffused, and Albert set the bottle on the bar and sat down next to Grace. According to Grace, Albert then moved to grab the bottle, and Grace hit Albert in self-defense. Three witnesses, including Albert, testified that Albert did not pick up his beer bottle and threaten Grace during the altercation.
On the day of trial, defense counsel moved for a continuance because he had just become aware of a witness who could testify as to prior bad acts of Albert. The court denied the motion. Defense counsel subsequently asked the court whether it would permit this witness, Rex Taylor, to testify. The State objected that it had no notice of the witness and, accordingly, had no chance to depose him or check his criminal record. The court ruled that Grace would not be permitted to offer the testimony of Taylor, stating, "Well, he has just come forward today, so I think that kind of puts the State in a bad situation. The jury has already been picked and sworn, so we are ready to proceed."
Grace subsequently proffered Taylor's testimony. Taylor stated that he witnessed a previous altercation between Albert and another person during which Albert picked up a beer bottle. Grace was *226 present and took the bottle away from Albert before he could use it.
On appeal, Grace argues that the trial court erred in excluding Taylor's testimony because the testimony was relevant to Grace's defense of self-defense and the sanction of excluding the testimony was too harsh. The State does not deny that the trial court abused its discretion in excluding the testimony, but argues that any error was harmless because three witnesses testified that Albert did not pick up his beer bottle and threaten Grace with it.
Generally, evidence regarding a victim's character is inadmissible. See § 90.404(1), Fla. Stat. (2000). Section 90.404(1)(b) provides for an exception to this general rule for "evidence of a pertinent trait of character of the victim of the crime offered by an accused." Under this exception, a defendant may use character evidence to show that the victim of a crime was the aggressor in support of his defense of self-defense. Pino v. Koelber, 389 So.2d 1191, 1194 (Fla. 2d DCA 1980) (treating a civil case of assault and battery the same as a criminal case).
There is a distinction between reputation evidence and evidence of specific acts admitted under section 90.404(1)(b). Id. at 1194. While reputation evidence may be offered to corroborate the defendant's testimony by showing the victim's propensity toward violence, specific act evidence is only admissible to prove the reasonableness of the defendant's apprehension. State v. Smith, 573 So.2d 306, 318 (Fla.1990); Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992); Williams v. State, 252 So.2d 243, 246-47 (Fla. 4th DCA 1971).
As a foundation for the admission of specific act character evidence, there must be evidence of some overt act by the victim around the time of the crime that reasonably suggested the need for self-defense. Smith, 606 So.2d at 643; E.B. v. State, 531 So.2d 1053, 1054 (Fla. 3d DCA 1988); Williams, 252 So.2d at 247. There must also be evidence that the defendant knew of the specific acts of violence. Smith, 573 So.2d at 318; Smith, 606 So.2d at 643; Williams, 252 So.2d at 247. "The reason for the required predicate is that without some evidence of an act by the [victim] that would reasonably suggest the need for self-defense, there would be no issue of self-defense to which evidence of the [victim's] violent character could be relevant." Williams, 252 So.2d at 247.
In this case, Grace testified that Albert picked up a beer bottle and threatened to harm Grace, but an altercation was avoided, and Albert set the bottle on the bar. When Albert subsequently moved to pick up the bottle, Grace testified that he thought Albert was going to hit him with it. This testimony constitutes evidence of an overt act on the part of Albert that would reasonably suggest the need for self-defense. See Hedges v. State, 667 So.2d 420, 423 (Fla. 1st DCA 1996) (holding that the defendant's testimony that the victim threatened to beat her and then struck her constituted an overt act); Sanchez v. State, 445 So.2d 1, 2 (Fla. 3d DCA 1984) (holding that the defendant's testimony that the victim threatened to kill him and started walking toward the victim's vehicle met the overt act requirement). Because Grace offered evidence of an overt act by the victim that would reasonably suggest the need for self-defense and the proffered testimony established that Grace knew of the specific act, Grace laid the proper predicate for admission of the act. Thus, the evidence was admissible at trial.
The trial court excluded this otherwise admissible evidence based on its late disclosure. A trial court's ruling excluding *227 evidence as a discovery sanction is subject to an abuse of discretion standard of review. State v. Tascarella, 580 So.2d 154, 157 (Fla.1991); Miller v. State, 636 So.2d 144, 149 (Fla. 1st DCA 1994). While Florida Rule of Criminal Procedure 3.220(n)(1) authorizes a court to exclude evidence as a sanction for a violation of the discovery rules, this sanction should only be imposed when there is no other adequate remedy. Id. Furthermore, this sanction is too severe when the only prejudice to the State is its inability to obtain evidence for impeachment of the witness. Miller, 636 So.2d at 149; Baker v. State, 522 So.2d 491, 492 (Fla. 1st DCA 1988); Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985).
In this case Grace sought to introduce the testimony of a witness who could provide evidence to support his theory of self-defense, and the State objected solely because it would not be able to obtain impeachment evidence. Accordingly, the trial court abused its discretion in excluding this testimony.
The State argues that any error is harmless because three witnesses testified that Albert did not pick up his beer bottle and threaten Grace with it. However, the fact that Grace did not have any corroborative testimony to support his defense supports Grace's argument that the error contributed to the verdict. See Smith, 606 So.2d at 643-44 (holding that the exclusion of a witness who would have testified regarding the character of the victim was harmful because the testimony went to the defendant's only defense of self-defense); Baker, 522 So.2d at 493 (holding that the exclusion of a witness whose testimony supported the defendant's theory of self-defense was not harmless error "since it may have created a reasonable doubt in the minds of the jurors").
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.