320 So.2d 23 (1975)
Robert Anthony YANETTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-182.
District Court of Appeal of Florida, Third District.
September 23, 1975.
*24 Carling Stedman, Stephen L. Raskin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Robert Yanetta raises two issues on appeal from his conviction following a jury trial and sentence to five years in the state penitentiary on the charge of aggravated battery.
He claims as error that the prosecutor made several comments in closing argument which were prejudicial and grounds for a mistrial. The objection by Yanetta's attorney was overruled and the motion for mistrial denied. From reading the record, including closing argument, we are of the opinion that the comments by the prosecutor were not so highly prejudicial as to require reversal. See Wilson v. State, Fla.App. 1974, 305 So.2d 50, 52 and cases cited therein.
As his second point, Yanetta contends that the trial court erred in denying his motion for production of the victim's FBI report sheet. The record reflects that the motion was made for the first time during trial, and that the court did not deny the request, but rather that the report sheet was found to be unavailable. A defendant is properly allowed discovery as to the criminal records of the State's witnesses to the extent that the information is in the actual or constructive possession of the State, not limited to that in the physical possession of the State Attorney's office, and including data obtainable from the FBI. State v. Coney, Fla. 1973, 294 So.2d 82, 86, interpreting State v. Crawford Fla. 1972, 257 So.2d 898. However, a defendant should not be permitted to so employ the pretrial discovery procedures as to require the State Attorney to disclose to him information or documents which by the exercise of due diligence, are readily available to him by subpoena or deposition. State v. Coney, Fla.App. 1973, 272 So.2d 550, 553. Therefore, since demand for the FBI report sheet was not timely made, and since it was not available when it was demanded, no error has been shown.
Affirmed.