777 So.2d 1173 (2001)
The STATE of Florida, Petitioner,
v.
Fermin MIRANDA, Pedro Jimenez, Lazaro Betancourt, Osvaldo Piedra, and Aroldo Castillo, Respondents.
No. 3D01-238.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Rehearing Denied March 8, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, West Palm Beach, for petitioner.
Julio Gutierrez, and J.C. Elso, Miami, and Gennaro Cariglio, Jr., Tallahassee, and Joseph Chambrot, Miami; Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for respondents.
Before COPE, FLETCHER and RAMIREZ, JJ.
PER CURIAM.
The State of Florida seeks certiorari review of two trial court orders requiring the state to produce documents within the custody and control of federal agencies. Because we find that the trial court departed from the essential requirements of law, the petition for writ of certiorari is granted.
The respondents, Fermin Miranda, Pedro Jimenez, Lazaro Betancourt, Osvaldo Piedra, and Aroldo Castillo were charged *1174 by information with trafficking in cocaine, conspiracy to traffic in cocaine, and resisting an officer without violence. The arrest was the result of a confidential informant's involvement. The defendants deposed the informant on December 11, 2000. The informant testified about his extensive involvement with the United States Drug Enforcement Administration dating back to March 1987. His deposition lasted five hours and was adjourned to be completed at a later date. Following the deposition, respondent Lazaro Betancourt filed a motion requesting that the trial court compel the state to produce documents pertaining to the informant. Respondents alleged that these documents could be found in the files of the Drug Enforcement Administration, together with all the agreements, payment schedules and receipts, and companion files on the informant from several federal agencies, including the United States Secret Service, United States Customs Service, and the United States Marshals Service, as well as the record of payments made to the informant. A hearing on the motion was held on December 14, 2000. The trial court granted respondent's motion and ordered the state to produce the informant's file, the agreements and payment schedules from the federal agencies. After a subsequent hearing, the trial court modified its order and required that the documents be turned over to the court for an in-camera inspection. The prosecutor informed the court that the proper request had been made to the agencies, but the agencies would not release any of the requested documents. Another hearing was held on January 12, 2001, in which the trial court ordered that the informant be excluded as a witness. The court indicated that it would dismiss the case, but withheld ruling pending this court's consideration of this petition for writ of certiorari.
Rule 3.220(b)(1) of the Florida Rules of Criminal Procedure requires the state to provide discovery to the defense of any "information and material within the State's possession and control." (emphasis added). In State v. Coney, 294 So.2d 82 (Fla.1973), the Florida Supreme Court approved an order which interpreted the state's obligation to produce information in its actual or constructive possession. This obligation was held to include the ability of the state to obtain data "by virtue of the State being a party to any compact or agreement with the Federal Bureau of Investigation." Likewise, in Yanetta v. State, 320 So.2d 23 (Fla. 3rd DCA 1975), this court stated that a defendant who seeks discovery is not limited to material in the physical possession of the State Attorney's Office, but is properly allowed to discover criminal records in the actual or constructive possession of the state, "including data obtainable from the FBI." Id. at 24. (emphasis added).
In this case, it is undisputed that the state has made efforts to obtain information not in its physical possession, which the trial court ordered it to produce. The respondents, however, have made no attempt to subpoena the federal agencies in question, and they have not alleged that there is any compact or agreement between the state and the federal agencies named in the trial court's order which would enhance the ability of the state to obtain the requisite documents. Thus, we are confronted with a situation in which the state has made its best efforts to obtain the information and documents requested to no avail. Although the information was not obtainable, the informant, nonetheless, has been excluded as a state witness.
Therefore, the trial court's orders excluding the confidential informant as the state's witness, and granting respondent's motion to compel are quashed, and the case is remanded for further proceedings consistent with this opinion.
Writ of certiorari granted.