TAYLOR, J.
In this capital murder case, the State of Florida seeks certiorari review of the circuit court’s order requiring the state to *794 obtain and disclose to the defendants/respondents the criminal histories of all of the state’s civilian witnesses.
Specifically, the defense sought to discover “any and all civilian criminal histories, including but not limited to NCIC, FCIC, and PALMS” of all of the state’s civilian witnesses.[1] At the hearing on the defendants’ motion to compel the criminal records, the state asserted that it was prohibited from disseminating the federal information under NCIC and FCIC. Moreover, the state asserted that if it did disclose the information, it could lose its privilege of access to the Criminal Justice Information from the NCIC terminal.
At the outset, we observe that the record does not show what efforts, if any, the defendants made to obtain the criminal records of the state’s witnesses, other than some PALMS reports, before seeking their production from the state. In Medina v. State, 466 So.2d 1046, 1049 (Fla.1986), the Florida Supreme Court noted that “the defense has the initial burden of trying to discover such evidence and that the state is not required to prepare the defense’s case.” See also State v. Counce, 392 So.2d 1029 (Fla. 4th DCA 1981)(hold-ing that the state has no duty to obtain information for the defense that the defense is able to obtain by means other than production by the state); Yanetta v. State, 320 So.2d 23 (Fla. 3d DCA 1975)(noting that a defendant should not be permitted to employ the pretrial discovery procedures for disclosure of information or documents which by the exercise of due diligence are readily available to Mm by subpoena or deposition).
Here, the state presented testimony from one of its investigators that FCIC reports are available as public records through FDLE, and that PALMS reports are available to the defense through the Palm Beach County Clerk’s office or the Palm Beach County Sheriffs Office. The defense offered no evidence to refute this. In fact, one defense attorney represented that he had already obtained some PALMS reports and that he planned to obtain them all on his own by the time of trial. Before requiring the state to secure this information for defense counsel, the trial court should have first ascertained whether the defendants could have obtained the requested criminal records from other sources through due diligence and determined whether the defendants had exerted their own efforts and resources and exhausted other available means to procure the information. See State v. Coney, 294 So.2d 82 (Fla.1973).
We further note that the trial court granted the defendants’ motion to compel disclosure of criminal records of all 100 listed witnesses, notwithstanding the state’s notification that it only intended to call 30 of those witnesses. In State v. Crawford, 257 So.2d 898, 901 (Fla.1972), the supreme court held that “the prosecuting attorney may be required to disclose to defense counsel any record of prior criminal convictions of defendant or of persons whom the prosecuting attorney intends to call as witnesses at that hearing or trial....” (Emphasis added). We can find no authority within the criminal discovery rules that requires the state to disclose the criminal histories of all listed witnesses, including those who will not be called to testify. While Florida Rule of Criminal Procedure 3.220(b)(4) requires the disclo *795 sure of material information within the state’s possession or control that tends to negate the guilt of the defendant {Brady material), this provision, as it relates to criminal history information, would only require the state to disclose certain convictions for witnesses intended to be called and whom are subject to impeachment pursuant to section 90.610, Florida Statutes, or to disclose pending criminal proceedings against such witnesses.
Finally, we address the state’s contention that it should not be compelled to disclose the NCIC reports because disclosure of such criminal history information would violate an agreement with the non-state agency (FBI) that provided the information to their office and result in loss of their access to the FBI database. The state presented testimony from its investigator and cited to section 119.072, Florida Statutes (2001), Title 28 C.F.R. Section 20.33(7)(b) (2001), and State v. Buenoano, 707 So.2d 714 (Fla.1998), in support of its contention that compelled disclosure would violate its confidentiality agreement with a non-state agency. See also § 943.054(2), Fl. Stat. (2001)(providing that the exchange of federal criminal history information is subject to cancellation if dissemination is made outside the receiving departments or related agencies).
In sum, we conclude that the trial court departed from the essential requirements of law in compelling the state to obtain and disclose the criminal records of all listed state witnesses without first determining whether all or any part of the information sought by the defendants was readily available to them through due diligence and whether the defendants had exerted and exhausted efforts to obtain the information. Further, because the defendants/respondents offered no authority to refute the state’s claim that it is prohibited from disseminating the NCIC information, we hold that the trial court cannot order the state to produce such information.
We grant the petition for writ of certio-rari and quash the order requiring the state to obtain and disclose the criminal histories of all of the state’s civilian witnesses.
STONE and WARNER, JJ., concur.

. NCIC reports are generated from data collected by the FBI; FCIC reports are generated from data collected by the Florida Department of Law Enforcement (FDLE); and, PALMS reports are generated from data collected by the Palm Beach County Sheriff’s Office.