871 So.2d 911 (2004)
STATE of Florida, Appellant,
v.
Timothy MULDOWNY and William E. Pitts, Appellees.
No. 5D02-4035.
District Court of Appeal of Florida, Fifth District.
February 27, 2004.
Rehearing Denied May 4, 2004.
*912 Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
Stuart I. Hyman of Stuart I. Hyman, P.A., Orlando, for Appellees.
PETERSON, J.
This appeal is before this court after a county court suppressed the results of intoxilyzer tests in two different cases in which Timothy Muldowny and William E. Pitts were charged with driving under the influence of alcohol. This court accepted jurisdiction after the county court certified the following questions to be of great public importance pursuant to rule 9.160, Florida Rules of Appellate Procedure:
Is a defendant entitled to inspect and copy and potentially use at trial or hearing the operator's manuals, maintenance manuals and schematics of the intoxilyzer? Assuming the answer to the above question is yes, is the appropriate remedy exclusion of the breath test for the state's failure to provide such documentation?
Under rules 9.030(b)(4)(A) and 9.160, Florida Rules of Appellate Procedure, this court has discretionary review of non-final orders of a county court containing a question certified to be of great public importance. Such is the case here. See also State v. Slaney, 653 So.2d 422, 424 (Fla. 3d *913 DCA 1995) (holding District Court of Appeal has jurisdiction to entertain state's appeal from a non-final order of the county court certified to be of great public importance).
Under rule 9.160(f)(1), once this court accepts the appeal, "it will decide all issues that would have been subject to appeal if the appeal had been taken to the circuit court." See, e.g., Slaney, 653 So.2d at 424. Because the non-final county court order suppressing the breathalyzer tests is normally subject to appeal to the circuit court and because this court accepted jurisdiction to hear the certified questions and the order suppressing the breathalyzer test, this court must also consider the suppression issue.
The issues in these two cases crystalized when the Defendants moved to produce the documentation described in the certified question. When the State failed to produce the documents, the trial court suppressed the breath results of the Intoxilyzer 5000.
The Defendants sought production of the information in order to determine whether the intoxilyzer actually used to establish their driving impairment had been substantially modified by the inclusion of parts that were not on the schematics or whether the machine was approved by the Florida Department of Law Enforcement (FDLE).[1] Only approved breath testing machines may be used to establish impairment pursuant to section 316.1932(1)(a), Florida Statutes (2002), commonly known as Florida's "Implied Consent Law." E.g., State v. Polak, 598 So.2d 150 (Fla. 1st DCA 1992); State v. Flood, 523 So.2d 1180 (Fla. 5th DCA 1988). FDLE rule 11D-8.003 establishes the procedures for approval of the machines.
Section 316.1932(1)(f)(4), Florida Statutes (2002), requires that when a person tested with a machine requests it, full information concerning the test is to be made available. It must necessarily follow that when a person risks the loss of driving privileges or perhaps freedom based upon the use and operation of a particular machine, full information includes operating manuals, maintenance manuals and schematics in order to determine whether the machine actually used to determine the extent of a defendant's intoxication is the same unmodified model that was approved pursuant to statutory procedures. It seems to us that one should not have privileges and freedom jeopardized by the results of a mystical machine that is immune from discovery, that inhales breath samples and that produces a report specifying a degree of intoxication.
We modify the first part of the certified question to read:
Is a defendant entitled to inspect and copy and potentially use at trial or hearing the operator's manuals, maintenance manuals and schematics of the intoxilyzer used to test the defendant when the results of the test are intended for use to affect the driving privileges of or assess penalties against that defendant?
We answer that question in the affirmative.
Having answered the first part of the question in the affirmative, we turn to the issue of whether exclusion of the breath test results was an appropriate remedy for the State's failure to provide the documentation.
*914 Exclusion of evidence is a permissible sanction for the violation of a discovery rule. See Fla. R.Crim. P. 3.220(n)(1). But the sanction should be imposed only if no other remedy suffices. Miller v. State, 636 So.2d 144, 149 (Fla. 1st DCA 1994).
If, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with rule 3.220, the court must conduct a hearing to determine whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and, most importantly, what effect, if any, the violation had upon the ability of the defendant to prepare adequately for trial. (citation omitted).
Only after the court has made a sufficient inquiry into all of the surrounding circumstances may it exercise its discretion to determine whether the state's noncompliance with the disclosure rule resulted in harm or prejudice to the defendant, thereby requiring the imposition of some sanction, such as exclusion of the evidence.
Lowery v. State, 610 So.2d 657, 659 (Fla. 1st DCA 1992) (citing Richardson v. State, 246 So.2d 771, 775 (Fla.1971)).
In the instant case, the State's failure to comply with the order to produce frustrated the defendants' quest to determine if the specific intoxilyzer used to test them had been substantially modified by the inclusion of parts that were not on the schematic of a machine approved by FDLE. Clearly, the State's discovery violation caused prejudice and harm to the defendants' ability to make a determination of the subject machine's internal makeup. See, e.g., Miller v. State, 636 So.2d at 149 (Fla. 1st DCA 1994); Hatcher v. State, 568 So.2d 472, 475 (Fla. 1st DCA 1990). In this case, the State's discovery violation prevented the defendants from properly preparing their cases for trial. See, e.g., Duarte v. State, 598 So.2d 270, 271-72 (Fla. 3d DCA 1992). Accordingly, we answer the second part of the county court's certified question in the affirmative and find the trial court was within its discretion in excluding the breath test results and remand for further proceedings.
AFFIRMED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The Defendants sought to obtain the information through public records requests and court orders, but the State steadfastly asserts that the information is exempt from public disclosure.