944 So.2d 1096 (2006)
Todd L. MOE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2976.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Rehearing Denied January 8, 2007.
Flem K. Whited, III, and David H. Foxman of The Whited Law Firm, Daytona Beach, for Appellant.
James Russo, Public Defender, and Rigo Armas, Assistant Public Defender, Sanford, Amicus Curiae for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
In this DUI case, the county court has certified to us the following question of great public importance:
UNDER THE CRIMINAL RULES OF DISCOVERY AND THE HOLDING IN STATE V. MULDOWNY, [871 So.2d 911 (Fla. 5th DCA 2004)], CAN THE STATE OF FLORIDA BE REQUIRED TO PRODUCE THE SOURCE CODE FOR THE SERIES 5000 INTOXILYZER?
Under the facts of this case, we answer the question in the negative and, by doing so, approve the ruling of the county court.
Appellant was arrested, tried and convicted of DUI based, in part, on the result of a breath test administered using the Intoxilyzer 5000. The Intoxilyzer 5000 is a machine used to analyze a breath sample *1097 to determine a person's blood-alcohol level. It is manufactured by CMI, Inc., a Kentucky corporation. No challenge has been advanced pertaining to the accuracy of Appellant's particular test results. The parties stipulated that the machine has been tested in accordance with applicable regulations and that all of the tests revealed that the machine's test results were within acceptable tolerances.
Through a discovery motion filed pursuant to Florida Rule of Criminal Procedure 3.220, Appellant sought from the State the source code for the Intoxilyzer's software. Appellant's stated reason for seeking the production of the source code was to verify whether the machine, in its present configuration, has been substantially modified from a prior, approved version of the machine. When the State failed to produce the source code, Appellant sought an order from the court compelling the State to produce it. After hearing, the lower court denied the motion.
It is without dispute that the State does not have possession of the source code because it is the property of CMI, Inc. It is also without dispute that the code is a trade secret of CMI, Inc. and that CMI, Inc. has invoked its statutory and common law privileges protecting the code from disclosure. Therefore, the State cannot obtain possession of the code.
Appellant acknowledges the general rule that, pursuant to the criminal discovery rules,[1] the State is not obligated to produce information that is not within its possession or control. Appellant urges, however, that the State is obligated to either produce the information or suffer the imposition of sanctions pursuant to the disclosure obligation imposed upon it by section 316.1932(1)(f)4., Florida Statutes (2004),[2] as construed in our decision in State v. Muldowny, 871 So.2d 911 (Fla. 5th DCA 2004). We disagree.
Section 316.1932(1)(f)4., Florida Statutes (2004), which applies to alcohol testing, requires that the State provide "full information concerning the test taken. . . ." Nothing in the language of this statute manifests a legislative intent that the State must furnish information that cannot be obtained by it; neither did our decision in Muldowny interpret the statute in this manner. In Muldowny, we held that the lower court did not abuse its discretion when it imposed sanctions because the State had disobeyed a discovery order requiring that it produce the operator's manual, maintenance manual and schematic for the Intoxilyzer 5000. Muldowny did not address the situation presented here, wherein the lower court, after hearing evidence, concluded that the defendant's motion to compel production of the information should be denied because the information could not be obtained by the State.
We have considered the remaining points on appeal and find them to be without merit.
AFFIRMED; CERTIFIED QUESTION ANSWERED.
PLEUS, C.J., and MONACO, J., concur.
NOTES
[1] See State v. Wright, 803 So.2d 793 (Fla. 4th DCA 2001); State v. Miranda, 777 So.2d 1173 (Fla. 3d DCA 2001).
[2] The statute was subsequently amended to limit the disclosure requirement to enumerated items. The State urges that we should consider the amendment as evidence of what was intended by the Legislature in the original version of the statute. In light of our holding and the narrow question presented here, we find it unnecessary to address this argument.