JABAR, J.,
dissenting.
[¶ 23] I respectfully dissent. To avoid a violation of the Confrontation Clause, 29-A M.R.S. § 2431 (2013),[8] must be construed as requiring the State to provide, upon demand, a live witness who can testify about the functioning of the Intoxilyzer. The only type of witness qualified to provide this type of testimony is an expert witness. For that reason, I would hold that the trial court’s ruling excluding the Intoxilyzer results was correct.
[¶ 24] Test results showing a confirmed alcohol level at the time of the alleged offense are, by statute, generally admissible to prove impairment. 29-A M.R.S. § 2431(1). “A person qualified to operate a self-contained, breath-alcohol testing apparatus may issue a certificate stating the results of the analysis.” 29-A M.R.S. § 2431(2)(B). When duly signed and sworn, that certificate is prima facie evidence that
(1) The person taking the specimen was authorized to do so;
(2) Equipment, chemicals, and other materials used in the taking of the specimen were of a quality appropriate for the purpose of producing rehable test results as determined by the Department of Health and Human Services;
(3) Equipment, chemicals, and other materials required to be approved by the Department of Health and Human Services were in fact approved;
(4) The sample .tested was in fact the same sample taken from the defendant; and
(5) The alcohol level or drug concentration in the blood or urine of the defen *1249 dant at the time'the sample was taken was as stated in the certificate.
29-A M.R.S. § 2431(2)(C). In addition, 29-A M.R.S. § 2431(2)(D) provides:
With 10 days[’] written notice to the prosecution, the defendant may request that a qualified witness testify to the matters of which the certificate constitutes prima facie evidence. The notice must specify those matters concerning which the defendant requests testimony. The certificate is not prima facie evidence of those matters.
Thus, at the defendant’s request, the State must produce a witness to testify not only as to the procedures that were followed in administering the breath test, but also as to whether the concentration of alcohol in the defendant’s blood was actually the amount reported by the person administering the test. See id. § 2431(2)(C)(5).
[¶ 25] Although subsection D refers only to a “qualified witness” and not to an “expert witness,” a qualified witness’s testimony, whether based on opinion or facts, must be founded on knowledge of the workings of the Intoxilyzer. In most instances, a police officer who is certified to operate an Intoxilyzer will not have sufficient expertise or training to testify as to whether the concentration of alcohol in the defendant’s blood actually corresponded to the result reported by the Intoxilyzer. See 29-A M.R.S. § 2431(2)(C)(5).[9] Thus, when the defendant requests a qualified witness, the State must produce a witness with sufficient expertise to explain how the Intoxilyzer reads breath alcohol and accurately converts that reading to a measure of alcohol in the blood. The only type of witness qualified to testify as to these matters will, of necessity, be an expert.
[¶ 26] Because of the Confrontation Clause implications, section 2431(2)(D) must be interpreted to require an expert witness. In deciding the constitutionality of a statute, we assume that the Legislature acted with knowledge of constitutional restrictions. Portland Pipe Line Corp. v. Envtl. Improvement Comm’n, 307 A.2d 1, 16 (Me.1973). Even if there were any doubt concerning the meaning of the statute’s plain language, “[a]ll reasonable doubts must be resolved in favor of the constitutionality of the statute, and if the statute is susceptible to more than one interpretation we must adopt an interpretation, if one there be, which will render it constitutional.” Ford Motor Co. v. Darling’s, 2014 ME 7, ¶ 33, 86 A.3d 35 (quotation marks omitted).
[¶ 27] Although the circumstances of cases involving machine-generated data pose unique challenges, they raise many of the same concerns that lie at the heart of Confrontation Clause jurisprudence. See Melendez-Diaz v. Massachusetts, 557 U.S. 305, 315, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (“It is true ... that ex parte examinations of the sort used at [Sir Walter] Raleigh’s trial have long been thought a paradigmatic confrontation violation.... But the paradigmatic case identifies the core of the right to confrontation, not its limits.” (quotation marks omitted)); State v. Crooker, 123 Me. 310, 313, 122 A. 865 (1923) (“[M]ust it not, in the interests of justice, be the character of the evidence *1250 itself which gives the constitutional right?”).
[¶ 28] Pursuant to the Confrontation Clause, “out-of-court testimonial statements by witnesses who are unavailable for cross-examination are inadmissible.” State v. Williams, 2012 ME 63, ¶ 26, 52 A.3d 911. “Only statements of this sort cause the declarant to be a “witness” within the meaning of the Confrontation Clause.” Davis v. Washington, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (quoted by State v. Metzger, 2010 ME 67, ¶ 14, 999 A.2d 947). “A document created solely for an evidentiary purpose ... made in aid of a police investigation, ranks as testimonial.” Bullcoming v. New Mexico, — U.S. -, 131 S.Ct. 2705, 2717, 180 L.Ed.2d 610 (2011) (quotation marks omitted).
[¶ 29] In Melendez-Diaz, the Supreme Court held that “certificates of analysis,” which stated that a substance recovered from the defendant’s possession contained cocaine, were testimonial statements subject to the Confrontation Clause. 557 U.S. at 308, 311, 129 S.Ct. 2527. The Court reasoned that, because the certificates were “functionally identical to live, in-court testimony,” the defendant was entitled to be confronted with the analysts who tested the substance. Id. at 310-11, 129 S.Ct. 2527. Similarly, in Bullcoming, the Supreme Court held that a defendant is entitled to be confronted with the analyst who certified that the defendant’s blood contained a certain level of alcohol. 131 S.Ct. at 2710. There, the Court reasoned that, despite the reliability of the certification based on machine-generated raw data, the analyst who performed the test must be made available for cross-examination. Id. at 2715.
[¶ 30] The Intoxilyzer dispenses with the need to have an analyst conduct testing on a suspect’s blood in order to determine the concentration of alcohol in the blood. It effectively replaces the types of analysts discussed in Bullcoming and Melendez-Diaz. Consequently, the results it generates have become the functional equivalent of the testimonial statements provided by analysts who examine blood samples in laboratories. This technological development does not obviate the constitutional guarantee to be provided a meaningful opportunity to test the State’s evidence by cross-examination. See Melendez-Diaz, 557 U.S. at 317, 129 S.Ct. 2527 (citing Crawford v. Washington, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)); see also State v. Muldowny, 871 So.2d 911, 913 (Fla.Dist.Ct.App.2004) (“[0]ne should not have privileges and freedom jeopardized by the results of a mystical machine that is immune from discovery, that inhales breath samples and that produces a report specifying a degree of intoxication.”). Under these circumstances I discern no basis for distinguishing a document created by technology— here, the Intoxilyzer results — from a document created by a living person. See Bullcoming, 131 S.Ct. at 2716 (“[It is not] the role of courts to extrapolate from the words of the Confrontation Clause to the values behind it, and then to enforce its guarantees only to the extent they serve (in the courts’ views) those underlying values.” (alteration omitted) (quotation marks omitted)).
[¶ 31] Courts in other jurisdictions have reached the opposite conclusion, deciding that the results of a breath-alcohol test are not subject to the Confrontation Clause because they are not “statements” made by a live “witness.” See, e.g., United States v. Moon, 512 F.3d 359, 362 (7th Cir.2008); United States v. Washington, 498 F.3d 225, 230 (4th Cir.2007). Some of these courts have concluded that machines or instruments are not subject to the Con *1251 frontation Clause because they produce results automatically by means of a scientific process, not subject to human interaction or interpretation. See, e.g., Washington, 498 F.3d at 281 n. 3. The logic behind this conclusion, however, is the same logic that the Supreme Court has rejected as a basis for determining whether evidence is subject to the requirements of the Confrontation Clause. See Bullcoming, 131 S.Ct. at 2715 (“[T]he comparative reliability of an analyst’s testimonial. report drawn from machine-produced data does not overcome the Sixth Amendment bar.”); Crawford, 541 U.S. at 62,124 S.Ct. 1354 (“Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes.”) (quoted by Melendez-Diaz, 557 U.S. at 317-18, 129 S.Ct. 2527).
[¶ 32] Nor am I persuaded by the suggestion that Intoxilyzer results must be characterized as beyond the reach of the Confrontation Clause simply because the instrument itself cannot be cross-examined. It is certainly true that the Intoxi-lyzer instrument cannot respond to questioning in court. See, e.g., Moon, 512 F.3d at 362 (“[H]ow could one cross-examine a gas chromatograph? Producing spectro-graphs, ovens, and centrifuges in court would serve no one’s interests.”). However, this is precisely why expert testimony about the functioning of the instrument is constitutionally required. Such testimony serves as a functional equivalent to cross-examination of the instrument itself. “The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing' in the context of an adversary proceeding before the trier of fact.” Maryland v. Craig, 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). The Confrontation Clause therefore “commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.” Crawford, 541 U.S. at 61, 124 S.Ct. 1354 (quoted by Melendez-Diaz, 557 U.S. at 317, 129 S.Ct. 2527); see also Kentucky v. Stincer, 482 U.S. 730, 737, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (“The right to cross-examination, protected by the Confrontation Clause, ... is essentially a functional right designed to promote reliability in the truth-finding functions of a criminal trial.” (quotation marks omitted)); Crooker, 123 Me. at 314, 122 A. 865 (“Rebuttal merely arrays . testimony against testimony. Cross-examination seeks to go further and weaken or destroy the testimony on the other side.”).
[¶ 33] Where the State seeks to convict a defendant based upon an instrument’s assertion that the defendant’s blood or breath contains a certain level of alcohol, the defendant must be provided a meaningful opportunity for cross-examination regarding the" basis of that statement. The State cannot satisfy that requirement by producing a witness who has no knowledge or understanding of the scientific basis for the results. See Charles Short, Note, Guilt by Machine: The Problem of Source Code Discovery in Florida DUI Prosecutions, 61 Fla. L. Rev. 177, 198 (2009) (“Unlike a witness, whose reliability could be challenged by defense counsel on cross-examination, the breath test machine cannot be ‘confronted’ by a defendant unless the defendant understands how the machine actually works.”) In a criminal prosecution, the State bears the burden of proof; it is therefore the State’s responsibility to ensure that the defendant has the opportunity to test the strength of the State’s evidence through meaningful cross-examination. See Melendez-Diaz, 557 U.S. at 324, 129 S.Ct: 2527. For these *1252 reasons, I would affirm the trial court’s ruling excluding the Intoxilyzer results.

. Title 29-A M.R.S. § 2431 (2013) has since been amended, but not in any way that affects this appeal. P.L. 2013, ch. 459, § 3 (effective March 12, 2014) (codified at 29-A M.R.S. § 2431 (2014)).

. Because the issue of whether the admission of statements or certifications from the Department or the manufacturer violate the Confrontation Clause is not raised by this appeal, I do not address it. See 29-A M.R.S. §§ 2431(C)(3), (H), (I). We have previously held, however, that a certificate of compliance from the manufacturer of blood collection tubes in a blood-alcohol kit used to collect a defendant’s blood sample is non-testimonial and therefore is not subject to the Confrontation Clause. State v. Ducasse, 2010 ME 117, ¶¶ 3, 5, 13, 8 A.3d 1252.