WARNER, J.
 

 Himechanri Roopnarine appeals his conviction and sentence for grand theft. He claims that the court erred in excluding his exculpatory witness based upon a discovery violation. We agree that error occurred under the facts of this case, where the prejudice to the state could have been cured by another remedy short of excluding the witness. Therefore, we reverse the conviction.
 

 The state charged Roopnarine with grand theft of jewelry worth $300 belonging to Mary’s. Over a video surveillance system, a loss prevention officer observed Roopnarine and a young woman (Roopna-rine’s niece) take some jewelry from a counter and walk off. The officer left her post to follow them to a dressing room where she saw them remove the tags and place the jewelry in Roopnarine’s pocket. She then followed Roopnarine out of the store where she confronted him, the niece, and his brother. After questioning, Roop-narine took the jewelry out of his pocket and gave it to her. Police were called and arrested Roopnarine.
 

 On the day of trial prior to jury selection, the court asked the defendant if he had any witnesses. Roopnarine said his brother was a witness. The brother, however, had not been listed in discovery. Defense counsel told the court that he had talked to the brother several times, and the brother had indicated that he did not want to testify. Therefore, counsel had not listed him as a witness. After consultation with Roopnarine and his brother, the brother now would testify. The assistant state attorney objected to calling him, and the court suggested that the state interview the witness. After the jury was selected, defense counsel again asked the court to address whether the brother could testify. The court again asked the assistant state attorney to talk to the witness and then address in the morning any objections.
 

 The next morning defense counsel asked the court to allow the witness. He noted that the assistant state attorney refused to interview the witness. Counsel proffered that the witness would testify that he was with his brother shopping and outside the store when the officer came out of the store and asked Roopnarine to come back to the store. He would testify that Roop-narine had no jewelry on him and gave none to the officer. Counsel admitted that it was his oversight not to have listed the brother.
 

 The assistant state attorney continued to object, claiming prejudice. He maintained that the trial would essentially be unbalanced, because he intended to call only the loss prevention officer as a witness. He expected that the defendant would testify, because the defendant had no prior convictions on which he could be impeached. Now the prosecutor would be faced with having a second witness. As he said, “And where there was one defense witness, now
 
 *1194
 
 there’s potentially two. Then you get into a numbers game.” Defense counsel then offered to limit the testimony and appeared to suggest that he might not call Roopnarine if he could call the brother.
 

 The court noted that the defendant had known about the brother but failed to list him as a witness, thus preventing the state from deposing the brother to discover his story, inconsistencies, and investigate the case further. The state was proeedurally prejudiced, and the court excluded the brother from testifying. Defense counsel noted his objection, stating “there’s no prejudice that can’t be cured.”
 

 The trial proceeded with the state presenting the loss prevention officer’s testimony. Roopnarine did not testify. The jury convicted him as charged. The trial court entered a judgment of conviction and sentenced him. Roopnarine appeals.
 

 Florida Rule of Criminal Procedure 3.220(d) requires the defense to disclose its witnesses to the prosecution. Rule 3.220(n)(l) provides sanctions for discovery, but “[i]n a criminal case, the exclusion of a defense witness for a discovery violation implicates a defendant’s sixth amendment right to present witnesses as well as the fundamental right to due process.”
 
 M.N. v. State,
 
 724 So.2d 122, 124 (Fla. 4th DCA 1998);
 
 see also Wessling v. State,
 
 877 So.2d 877, 879 (Fla. 4th DCA 2004) (“Exclusion of exculpatory evidence denies a defendant his fundamental right to defend himself in violation of the Sixth Amendment.”). Where exculpatory evidence is concerned, exclusion of such evidence should be the last resort and only under the most extreme circumstances.
 
 See Mattear v. State,
 
 657 So.2d 46, 47 (Fla. 4th DCA 1995) (“When exculpatory evidence is sought to be introduced in violation of the discovery rules, and remedies which would allow the trial to proceed are insufficient, the proper course of action is to declare a mistrial.”).
 

 Here, the court’s inquiry of Roop-narine prior to voir dire revealed, to the surprise of his own attorney, the brother’s decision that he would be a witness. The brother could testify to exculpatory facts. The state’s alleged procedural prejudice, i.e., that it would be outnumbered on witnesses, was something that could have been cured by a continuance, or a mistrial after the jury was sworn. Moreover, the state’s insistence on numerical symmetry of witnesses as procedural prejudice pales in comparison with the defendant’s fundamental due process right to defend himself. The state’s prejudice was easily curable by a continuance or by mistrial. Under the circumstances of this case, the court erred in excluding the defense witness. It should have considered another remedy.
 

 In his second issue, Roopnarine also claims that he should have been entitled to a judgment of acquittal because the state failed to prove the value of the jewelry involved. We reject that contention. However, because the defendant’s fundamental right to defend himself was violated, we reverse and remand for a new trial.
 

 POLEN and TAYLOR, JJ., concur.