KAHN, J.
 

 Octavius Johnson appeals his conviction for robbery, contending the trial court erred in excluding one Dexter Curry from testifying on appellant’s behalf without first conducting an adequate hearing. Johnson also argues the trial court erred in denying a continuance to obtain Curry’s testimony. We affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Deborah Watkins, a cashier at a Dollar General in Duval County, testified she was working the till on June 13, 2007, when a customer approached with a gallon of bleach. When she opened the register, someone grabbed her from behind and took her down to the floor. Watkins remained prone until the robbers exited the store.
 

 David Wiggins explained that he and three other men — appellant, Erwin Washington, and Dexter Curry — participated in the robbery. Wiggins asserted that after Curry grabbed the cashier, appellant
 
 *664
 
 Johnson told Wiggins to lift up the register tray and grab the money beneath it. Then, according to Wiggins, the four men got into appellant’s car and divided the money into shares as Johnson drove away.
 

 Donnie Slayton, a robbery detective with the Jacksonville Sheriffs
 
 Office,
 
 interviewed Johnson on August 11, 2007. The video-recorded exchange was placed in evidence and published to the jury. During the interview, Detective Slayton had appellant view a surveillance video of the Dollar General robbery. Johnson identified himself and the other suspects on the video. Appellant claimed he went to the store to buy bleach for his mother. Johnson said he was talking to two females in the store, when, “the next thing he knew,” he saw Curry choking the cashier. Johnson said he only alerted Wiggins that the large bills were beneath the register drawer, and played no other role. Johnson asserted he did not plan the robbery, share in the proceeds, or transpoi’t anyone from the scene.
 

 After the State rested, counsel announced his intent to present the testimony of Dexter Curry. The State argued Curry should not be permitted to testify because defense counsel did not list Curry on its witness list and the State did not have an opportunity to depose him. Defense counsel retorted that the State had been aware Curry might testify. Twice before, with the case set for trial, defense counsel had asked for an order to transport Curry from the county jail to the Duval County courthouse. Defense counsel asserted Curry’s testimony would work no surprise or prejudice to the State.
 

 The trial court determined Curry would not be permitted to testify. Johnson, testifying on his own behalf, stated he drove to the Dollar General for some bleach on the day of the robbery. Outside, he encountered the other three suspects, then discussing the merits of robbing the store. Johnson said he did not believe these three were serious about committing the crime. After the crime developed around him, appellant said, “If you’re going to get it [the money], get it all.” Johnson recalled he then drove home alone while the other suspects ran down the street. He claimed he received nothing of the plunder.
 

 After the defense rested, defense counsel stated Curry would have admitted that he and Wiggins — not Johnson and Washington — committed the robbery. The State conceded Curry would not be a “surprise” witness, but renewed its argument that defense counsel failed to list Curry on defense’s witness list. Defense counsel remarked he received no response to either of his requests for orders to transport, prompting an electronic search for Curry’s whereabouts. The clerk of court could not locate Curry in the county jail or the Department of Corrections; the trial court surmised Curry might be in a juvenile detention facility.
 

 When lack of knowledge concerning Curry’s whereabouts unwound, counsel moved for a continuance to obtain Curry’s presence, asserting Curry was “a very essential witness to the case.” The court denied the motion, opining that there was no real dispute over the circumstances of Johnson’s involvement in the robbery. The jury returned a verdict finding Johnson guilty of the lesser-included offense of robbery.
 

 ANALYSIS
 

 We review the trial court’s decision to exclude evidence for abuse of discretion.
 
 See Welty v. State,
 
 402 So.2d 1159, 1162-63 (Fla.1981) (noting trial court’s rulings on admission of evidence will not be disturbed unless abuse of discretion can be shown). Johnson first contends the court erred in excluding Curry’s testimony without first
 
 *665
 
 conducting an adequate
 
 “Richardson
 
 ” inquiry. As a result, Johnson concludes, the court deprived him of his rights to due process of law and to present witnesses on his behalf.
 

 Florida Rule of Criminal Procedure 3.220(d)(1)(A) requires defense counsel to “furnish to the prosecutor a written list of the names and addresses of all witnesses the defendant expects to call as witnesses at the trial.” When a party fails to comply with the rule, the trial court is to determine whether such failure has prejudiced the opponent, but “only after the court has made adequate inquiry into all of the surrounding circumstances.”
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971). Known as a
 
 Richardson
 
 hearing, this inquiry proceeds in two steps. The court must first determine whether a discovery rule has been violated.
 
 Curry v. State,
 
 1 So.3d 394, 397 (Fla. 1st DCA 2009). If a violation is found, the court will then assess “whether the ... violation was inadvertent or willful ... trivial or substantial, and ... what effect, if any, did it have upon the ability of the [opposing party] to properly prepare for trial.”
 
 Id.
 
 Although a trial court has discretion on how to remedy a discovery violation, whether to hold a
 
 Richardson
 
 hearing is not discretionary.
 
 See id.
 
 at 398 (stating “party who has established the existence of a discovery violation is entitled to a hearing as a matter of law”).
 

 We begin by reviewing the context that first occasioned the
 
 Richardson
 
 framework and conclude that this case does not raise the same fundamental due process consideration that so preoccupied the court in
 
 Richardson.
 
 Specifically, the
 
 Richardson
 
 court was concerned that the State’s noncompliance with a rule of procedure might prejudice the “ability of the defendant to properly prepare for trial.”
 
 Richardson,
 
 246 So.2d at 775. Accordingly, the supreme court resolved that State’s evidence that might otherwise be admitted on the shoulders of a procedural violation would be subject to a more searching inspection of admissibility, defined by the now familiar two-part analysis. In this case, where the trial court excluded a defense witness as a result of defense counsel’s improvidence, one does not encounter the prospect that the State garnered a conviction with the aid of prosecutorial deceit, surprise, or the like.
 
 Cf. Scipio v. State,
 
 928 So.2d 1138, 1145 (Fla.2006) (holding failure to conduct
 
 Richardson
 
 hearing was harmful error where State “calculated” not to inform the defense of an “important and dramatic change in testimony of its medical examiner’s investigator,” and noting “policy of avoiding trial by ambush or surprise has even greater application in the criminal context, where ... the obligation of the State to see that justice is done is much greater”);
 
 Curry,
 
 1 So.3d at 397 (holding failure to hold
 
 Richardson
 
 hearing was reversible error where State did not disclose substance of -witness’s “surprise” testimony). We examine appellant’s claims with this in mind.
 

 We first look to exactly what happened (and did not happen) here. We are not persuaded defense counsel provided the court with the sort of information necessary to conduct a comprehensive
 
 Richardson
 
 hearing, even assuming such might have been appropriate. Most significantly, defense counsel neither proffered Curry’s testimony, nor explained in any meaningful detail the content of that expected evidence. In fact, defense counsel offered no preview of Curry’s intended testimony when the State objected to defense counsel’s intent to call Curry as a witness. The defense first revealed its intent after the close of State’s evidence and denial of a motion for judgment of acquittal. Only just before jury charge, and after the de
 
 *666
 
 fense rested, did counsel offer a brief statement regarding the purpose of Curry’s testimony, asserting, “His proffered testimony would be ... that it was he and David Wiggins who committed the robbery and that ... Johnson did not.” This cursory preview of Curry’s testimony, largely devoid of substantive content, provided no basis for the court to assess what effect, if any, the defense’s discovery violation had upon the State’s ability to properly prepare for trial.
 

 In addition, we examine the effect of Curry’s unavailability on a hypothetical
 
 Richardson
 
 hearing. Florida Rule of Criminal Procedure 3.220(n)(l) authorizes a trial court to exclude evidence as a sanction for a violation of the discovery rules, to be imposed when there is no other adequate remedy.
 
 See Casseus v. State,
 
 902 So.2d 294, 295 (Fla. 4th DCA 2005). Johnson relies upon
 
 McDuffie v. State,
 
 970 So.2d 312 (Fla.2007), as an instructive authority on this question. In that case, the trial court excluded the testimony of a defense witness whose name defense counsel omitted inadvertently from the guilt-phase witness list.
 
 Id.
 
 The State failed to assert it would suffer any substantial procedural prejudice if the witness testified, and the trial court made only a limited inquiry into whether the violation prejudi-cially affected the State’s ability to prepare for trial.
 
 Id.
 
 The supreme court held that the trial court erred when it excluded the testimony of the witness without considering less extreme alternatives, such as a brief delay for a deposition, continuance, or postponement of the testimony until the end of the defense case.
 
 Id.
 
 at 320-22.
 

 Superficially,
 
 McDuffie
 
 might support a finding of error in this case. Indeed, the court below did not consider any alternatives short of excluding Curry as a witness entirely. We cannot, however, elide the two critical facts that distinguish
 
 McDuffie
 
 from the case at bar: (1) the witness in the former prosecution was physically present in the courthouse when the ruling to exclude him was rendered; and (2) his testimony was proffered in considerable detail.
 
 See id.
 
 at 320-21. Here, by defense counsel’s own admission, Dexter Curry was unavailable and unsummoned to testify, his whereabouts unknown to either counsel or the court. With Curry unavailable, the court could not even begin to consider a less severe alternative to total exclusion of the witness.
 
 McDuffie,
 
 we believe, should be construed as predicated upon the availability of the excluded witness and the possibility that a lesser sanction could cure any procedural prejudice.
 

 Defense counsel did not include Curry’s name on the witness list furnished to the State and thereby violated Florida Rule of Criminal Procedure 3.220(d)(1)(A). Assuming, exclusion of such a witness should have occasioned an inquiry as required by
 
 Richardson,
 
 we view the factual circumstances of the present case as rendering such inquiry impractical at best. In the absence of any proffered testimony, the trial court could not determine the degree of prejudice inuring to the detriment of the State. Curry’s unavailability prohibited the trial court from fashioning a lesser sanction of any determinacy, thus further mooting the need for a
 
 Richardson
 
 inquiry. Given the context here of a defense violation, failure to proffer, and unavailability of the witness, the court did not abuse its discretion in failing to hold a
 
 Richardson
 
 hearing.
 

 We review the denial of a motion for continuance for abuse of discretion.
 
 See Holmes v. State,
 
 992 So.2d 328, 328 (Fla. 3d DCA 2008). A defendant seeking continuance must show: (1) prior due diligence to obtain the witness’s presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the
 
 *667
 
 witness was available to testify; and (4) that the denial of the motion caused material prejudice.
 
 See Geralds v. State,
 
 674 So.2d 96, 99 (Fla.1996).
 

 The State did not stipulate to defense counsel’s proffer. Even assuming a proffer, though, Curry’s testimony would not differ in any significant respect from that already offered by the State’s witnesses and by Johnson himself. Importantly, we cannot conclude that Curry’s evidence would have impaired the State’s case. Mere encouragement for another to commit a criminal act may be criminal in and of itself when, as here, such encouragement is coupled with a jury instruction on the law of “principals.”
 
 See Fla. Standard Jury Instructions (Crim.),
 
 665 So.2d 212, 214 (Fla.1995) (stating defendant is a principal if she had “conscious intent that the criminal act be done” and “said some word which was intended to and which did incite, cause, encourage, assist or advise [another] to actually [commit] ... the crime”). Given the foregoing instruction, we do not see how Curry’s testimony would have been “substantially favorable.”
 

 Curry, moreover, was not even available to provide the allegedly exonerating testimony, meaning Johnson cannot satisfy the third of the
 
 Geralds
 
 elements, either. Defense counsel did not subpoena Curry and was unable to procure his attendance by requests for an order to transport. This inability to locate Curry would be sufficient in itself to warrant the denial of Johnson’s motion, see
 
 Holmes v. State,
 
 992 So.2d 328, (Fla. 3d DCA 2008) (holding trial court did not abuse its discretion in denying motion for continuance where defendant could not locate witness he wished to testify), but also speaks to defense counsel’s lack of prior diligence in obtaining the witness’s presence. Finally, we will not overlook that the motion came only after the State had presented its case and rested. The timing alone of such a motion raises many questions, none of which are addressed by appellant. We find no abuse of discretion in denial of the motion.
 

 AFFIRMED.
 

 LEWIS and WETHERELL, JJ„ concur.