NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TONYA CATRICE MOSLEY,                )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D13-4395
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed January 6, 2016.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Howard L. Dimmig, II, Public Defender,
and David B. Falstad, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

Tonya Catrice Mosley appeals her convictions and sentences for (1)

battery on a person over sixty-five years of age and (2) felony battery (prior battery

conviction). Mosley admitted that she sprayed eighty-nine-year-old Haywood Roberts

and his grandson Barrett Roberts with pepper spray. She contended at trial that she

acted in self-defense after Haywood hit her with his cane. Mosley argues on appeal that the trial court erred in excluding defense witness Julius Little and in excluding photographs of her injuries. Because the trial court committed harmful error in excluding a significant defense witness, we reverse and remand for a new trial.

Just before the start of Mosley's trial, the prosecutor advised the trial court that he was informed the prior afternoon that the defense added a witness, Julius Little. The prosecutor had not had an opportunity to speak with Little and objected to adding a witness after the jury had been selected. Defense counsel told the court that she had not known Little's exact identity and had not located him until the prior day when Mosley knocked on Little's door. Little had been misidentified at a prior hearing as Julo Little rather than Julius Little, and he was an eyewitness to the altercation involving Mosley, Hayward Roberts, and Barrett Roberts.

The trial court noted that jeopardy had attached and it would have to declare a mistrial to allow the State to have more time. The prosecutor objected to the witness and to a mistrial. The defense requested a brief break to allow the State to depose the witness. Because the jury was impaneled and it was scheduled as a one-day trial, the trial court denied the request. The trial court stated that the defense could make a proffer later. The defense moved for a mistrial and informed the court that Little was potentially the only unbiased witness.

The trial judge stated, "Given the situation I find it is prejudicial." But the court did not explain the nature of the prejudice to the State. The judge also stated, "I am not saying there is any willful violation. It was inadvertent since you didn't know

about it. The disclosure is too little too late. We are ready to start the trial." The court noted the State's objection, excluded the witness, and denied the motion for mistrial.

Before the defense called its first witness, the court asked the prosecutor if he had an opportunity to talk to the witness and if that removed any prejudice. The prosecutor said he talked to Little but still objected. The prosecutor wanted a typed transcript because Little was "very combative and very upset to be here" and was screaming at the prosecutor and "[a]ccusing the prosecutor of calling him a liar." The court stated it would take a proffer at the end of trial.

The evidence presented at trial included videos Mosley recorded with her cell phone on the morning of the incident. Mosley is Hayward Robert's niece by marriage. The videos capture some of the verbal sparring between Mosley and a woman in the neighborhood and between Mosley and Hayward that occurred prior to the incident. Mosley engaged in a particularly vulgar tirade, and State's witnesses testified that Haywood was telling Mosley to stop cursing because they were close to a home daycare with children in the vicinity. State's witnesses also testified that Mosley sprayed Haywood with pepper spray first. Then, while stumbling around and under the effects of the pepper spray, Haywood began swinging his cane. Defense witnesses, however, testified that Haywood attacked Mosley with his cane and that Mosley then used the pepper spray.

At the conclusion of the evidence, the trial court allowed the proffer of Little's testimony. Little stated that Mosley and Hayward Roberts were his cousins, that he loved both of his cousins, and that he was not trying to take sides. He considered himself neutral. He was outside sitting on his step across the street at the time of the

- 3 -

altercation. He saw Hayward hit Mosley with his cane three or four times on her side and then saw Mosley spray Hayward with pepper spray. Little did not want Mosley to go to prison for defending herself. Little admitted to having "[p]robably like" thirty-five felony convictions.

Mosley contends on appeal that the trial court conducted an inadequate Richardson[1] hearing as to the late disclosure of defense witness Little. The appellate court reviews the exclusion of evidence for a discovery violation for an abuse of discretion. Grace v. State, 832 So. 2d 224, 226-27 (Fla. 2d DCA 2002). A trial court can properly exercise its discretion only after an adequate Richardson inquiry that addresses "(1) whether the discovery violation was willful or inadvertent; (2) whether it was trivial or substantial; and (3) whether it had a prejudicial effect on the opposing party's trial preparation." McDuffie v. State, 970 So. 2d 312, 321 (Fla. 2007). Prejudice in the Richardson context means procedural prejudice that significantly affects the trial preparation of the opposing party. Id. The appellate court "will review the record to determine if this full inquiry was made and if the trial court's actions pursuant to the inquiry were proper." Id.

Even if the trial court finds that the defense discovery violation causes substantial procedural prejudice to the State, the trial court must make further inquiry. "First, the judge must decide whether the discovery violation prevented the aggrieved party from properly preparing for trial. Second, the judge must determine the appropriate sanction to invoke for the violation." Id. at 322 (quoting Smith v. State, 372 So. 2d 86, 88 (Fla. 1979)).

---

[1]Richardson v. State, 246 So. 2d 771 (Fla. 1971).

Because the trial court excluded a defense witness, Mosley's fundamental right to present witnesses in her defense must also be considered. See id. at 321. Although Florida Rule of Criminal Procedure 3.220(n)(1) allows a trial court to exclude a witness to sanction a discovery violation, the trial court should exclude a witness only when no other remedy is adequate. Id. When a trial court determines that a discovery violation is not willful or blatant, the sanction of exclusion of a witness "is generally too severe 'when the only prejudice to the State is its inability to obtain evidence for impeachment of the witness.' " Id. (quoting Grace, 832 So. 2d at 227). In considering the exclusion of relevant evidence, the trial court must "conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice." Sanchez-Andujar v. State, 60 So. 3d 480, 485 (Fla. 1st DCA 2011) (quoting Wilkerson v State, 461 So. 2d 1376, 1379 (Fla. 1st DCA 1985)). When a continuance or other remedy is unavailable to allow the State to prepare for the late disclosure of exculpatory evidence, "the proper course of action is to declare a mistrial" as provided for in rule 3.220(n)(1). Id. at 486.

Here, the trial court found the violation inadvertent but failed to address whether it was trivial or substantial. The trial court stated that the violation was prejudicial, but did not discuss procedural prejudice to the State. Rather, the court seemed more concerned with completing the trial in one day even though the case was not particularly old. The offenses occurred on February 14, 2013, and trial was held on June 26, 2013.

And, although a mistrial was mentioned, the trial court did not adequately explore other potential sanctions when the defense was prevented from presenting a

- 5 -

significant witness who was an eyewitness to the altercation and who supported Mosley's claim of self-defense. If the court's concern was possible prejudice to the State based on the inability to obtain impeachment evidence, exclusion of a defense witness was too severe a sanction. See Grace, 832 So. 2d at 227. If a deposition during a break in the trial was insufficient to cure procedural prejudice to the State, then the trial court should have declared a mistrial. See Fla. R. Crim. P. 3.220(n)(1). We conclude that the trial court made an inadequate Richardson inquiry and abused its discretion in excluding Little as a defense witness.

The State contends that the exclusion of Little as a witness was harmless error. The improper exclusion of an exculpatory defense witness after a Richardson hearing is subject to harmless error analysis. McDuffie, 970 So. 2d at 322; Sanchez-Andujar, 60 So. 3d at 486-87. The State, as beneficiary of the error, has the burden to prove harmless error. McDuffie, 970 So. 2d at 328. Harmless error occurs when there is no reasonable possibility that the error contributed to the conviction. Id. "It is well-established that the harmless error test 'is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test' but the 'focus is on the effect of the error on the trier-of-fact.' " Id. (quoting State v. DiGuillio, 491 So. 2d 1129, 1139 (Fla. 1986)). And the harmless error test does not allow the appellate court to simply weigh the evidence and substitute itself for the jury. DiGuillio, 491 So. 2d at 1139.

The State suggests the jury would not find Little credible as he has a fairly stunning thirty-five prior felony convictions. We note that State witness Barrett Roberts,

one of the victims, testified that he had thirteen prior felony convictions. Thus, it appears that credibility is an issue for both State and defense witnesses.

The State also argues that Little's testimony was cumulative of the testimony of eyewitness Tiffany Allen. Allen acknowledged that she was a close friend of Mosley, and her bias towards Mosley was clear. She also was impeached on cross-examination and generally did not present as a good witness. In Little's proffer, he stated that he was a cousin of both Mosley and Haywood, that he was not trying to take sides, and that he considered himself neutral. Thus, although both Allen and Little asserted that Haywood struck Mosley with the cane before Mosley used the pepper spray, the quality of the testimony is different because Little is not obviously biased toward Mosley. See Solorzano v. State, 25 So. 3d 19, 25 (Fla. 2d DCA 2009) (determining that testimony would not have been cumulative when "Bartender Dan" would have been a "relatively disinterested witness" and his testimony would have "differed in quality" from another defense witness who was so drunk during the incident that she could not walk unaided). Therefore, we disagree with the State's contention that Little's testimony would be cumulative.

We have reviewed the videos admitted into evidence that Mosley took with her cell phone. The videos reflect that Mosley was a verbal instigator to the events that occurred that morning. However, we cannot say that the video conclusively establishes whether Mosley used the pepper spray first or whether Haywood Roberts swung his cane at, or hit Mosley with the cane, first.

We cannot say beyond a reasonable doubt that the error in excluding Little as a defense witness did not affect the verdict, and thus the error is harmful. See

- 7 -

DiGuillio, 491 So. 2d at 1139. Therefore, we reverse Mosley's convictions and sentences and remand for a new trial.

This disposition renders the issue of the exclusion of the photographs of Mosley's alleged injuries moot. On retrial, assuming the proper foundation is laid, the photographs would be admissible in evidence.

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.